IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DEWAYNE BEARCHILD,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTY COBBAN, BILLIE REICH, JUNE LAMOURE, FRED LEMONS, MIKE BATISTA, BLAIR HOPKINS, DAVE WILLIAMS, and SAM JOVANOVICH,<br><br>Defendants. | CV 14-00031-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**SYNOPSIS**

Mr. Bearchild alleges the grievance procedure at the Montana State Prison is unconstitutional. He also alleges Defendants relied on a false presentence investigation report to remove him from sex offender treatment, and provided false information and the false presentence report to the Parole Board. He contends this resulted in the denial of his parole. (Complaint, Doc. 2.) Mr. Bearchild's allegations fail to state a claim upon which relief may be granted. The Complaint

1

should be dismissed.

## JURISDICTION

Mr. Bearchild filed this action in federal court, in the Helena Division of the District of Montana. (Complaint, Doc. 2.) Venue is proper, as he is incarcerated in and alleges wrongs committed in Powell County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Bearchild is a prisoner in the custody of the State of Montana proceeding in forma pauperis. His Complaint, therefore, must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2), 1915A(b). This is the review.

## STANDARDS

**Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Leave to amend**

The Court liberally construes pro se pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. A district court, however, should dismiss a

complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

**Grievance Process**

A prisoner has no constitutional right to a favorable or effective grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.") (citations omitted).

**Access to the Courts**

Prisons must provide "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (*citing Bounds v. Smith*, 430 U.S. 817, 825 (1977)). There is no "abstract, freestanding right to a law library or legal assistance." *Casey*, 518 U.S. at 351. Instead, an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Casey,* 518 U.S. at 351.

To show a violation of this right to access to the courts, an inmate must

demonstrate "actual injury," that is a specific instance in which he was denied access. *Silva v. DiVittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011); *see also Casey*, 518 U.S. at 349. "The injury requirement is not satisfied by just any type of frustrated legal claim." *Casey,* 518 U.S. at 354-55. Prisoners have a right to access to the courts only in relation to direct appeals from the convictions for which they were incarcerated, habeas petitions, or civil rights actions challenging the conditions of their confinement. *Id.* This right of access to the courts "guarantees no particular methodology but rather the conferral of a capability-the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356. Moreover, the right of access to courts is only a right to bring complaints to federal court and not a right to the discovery of such claims or to litigate them effectively once filed with a court. *Id.* at 354-55.

**Challenge to Denial of Parole**

In *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997), the plaintiff alleged in a § 1983 action that defendants violated his due process rights "by considering false information in his prison file to find him ineligible for parole." *Butterfield*, 120 F.3d at 1024. The Ninth Circuit held that where a challenge to the procedures used in the denial of parole "necessarily implicates the validity of the denial parole and, therefore, the prisoner's continuing confinement[,]" the § 1983 action is barred by

*Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.*

**Fourteenth Amendment–Procedural Due Process**

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a protected interest. Prisoners are entitled to due process protections "only where the deprivation implicates a protected liberty interest–that is, where the conditions of confinement impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Brown v. Oregon Dept. of Corrections*, 751 F.3d 983, 987 (9th Cir. 2014) (*quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

**FACTUAL ALLEGATIONS**

For purposes of this review, factual allegations in the Complaint are presumed to be true. Unsupported legal conclusions, however, are disregarded.

**Grievance Procedure**

Mr. Bearchild alleges Defendants Cobban and Reich refused to process his November 13, 2014 grievance because he asked that a prison sergeant be removed from his position and used three or four grievance continuation forms in violation

of Montana State Prison Grievance Policy 3.3.3. (Complaint, Doc. 2 at 10.) When Mr. Bearchild resubmitted his grievance, Defendants did not process it.

He alleges this obstructed, impeded, hindered, and delayed his access to court. He contends he should be able to say what he wants in his grievances and use as many grievance continuation forms as he wants. (Complaint, Doc. 2 at 10.) He alleges the grievance policies at the prison are unconstitutional because Defendants refuse to process grievances, claim to have never received grievances, and refused to permit him to appeal grievances that were not answered within 25 working days. (Complaint, Doc. 2 at 10.)

**Parole and Sex Offender Treatment**

Mr. Bearchild alleges Defendants Lemons, Hopkins, and Williams removed him from sex offender treatment based upon a false presentence report. He alleges he refused to lie and admit to a crime he did not commit and it resulted in his removal from sex offender treatment. (Complaint, Doc. 2 at 16.)

Mr. Bearchild also alleges that Defendants Lemons and Hopkins allowed the false presentence report to be used against him at his parole hearing. He alleges this directly contributed to the denial of his parole. (Complaint, Doc. 2 at 15-16.) He alleges Defendant Lemons falsely told the Parole Board that Mr. Bearchild had more than one sexual criminal offense on his criminal record. (Complaint Doc. 2

7

at 15.)

He also alleges Defendant Hopkins put his name at the end of the treatment list for sex offender treatment. (Doc 2 at 16.)

## ANALYSIS

### Grievance Procedure

Mr. Bearchild's claims regarding the grievance procedure fail as a matter of law. Inmates do not have a separate constitutional entitlement to a specific grievance procedure. *Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640. While Mr. Bearchild attempts to couch his claims in terms of being punished for his grievances, the only alleged "punishment" is the refusal to process his grievances. This is not punishment for constitutional purposes.

### Access to the Courts

With regard to Mr. Bearchild's denial of access to the courts claims, he has failed to allege an actual injury. *Silva*, 658 F.3d at 1102; *Casey*, 518 U.S. at 349. The handling of a particular grievance may have a bearing on whether the inmate has constructively satisfied the administrative exhaustion requirement in order to pursue other underlying claims. However, there is no independently viable constitutional claim for any alleged deficiency in the grievance process itself.

8

**Parole**

Mr. Bearchild also alleges Defendants provided false information and a "false presentence investigation report" to the Parole Board which resulted in the denial of his parole. A § 1983 action is not the proper vehicle to challenge the denial of parole. "[A] challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole, and therefore, the prisoner's continuing confinement." *Butterfield*, 120 F.3d at 1024. This is a collateral attack on the denial of parole and subsequent incarceration which *Heck* does not permit.

**Sex Offender Treatment**

Mr. Bearchild's claims regarding his removal from sex offender treatment also fail to state a claim upon which relief may be granted. Mr. Bearchild does not have a right to participate in any particular prison program, such as sex offender treatment. The denial of access to prison programs does not constitute an atypical, significant deprivation sufficient to establish a liberty interest. *See Sandin*, 515 U.S. 472. A lack of or inadequacy in prison programs does not establish a constitutional violation. "There is no constitutional right to rehabilitation." *Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir. 1982). As such, Mr. Bearchild's claims regarding sex offender treatment are not cognizable under Section 1983.

9

## CONCLUSION

Mr. Bearchild has failed to state a claim upon which relief may be granted. These are not defects which could be cured by the allegation of additional facts. The Complaint should be dismissed.

**"Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Because Mr. Bearchild failed to state a claim, the dismissal of this matter should be a strike under 28 U.S.C. §1915(g).

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
(A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken

in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of Section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**Address Changes**

At all times during the pendency of this action, Mr. Bearchild must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED**:

1. Mr. Bearchild's Complaint (Doc. 2) should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Bearchild failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Bearchild may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 24th day of November, 2014.

/s/ Keith Strong  
Keith Strong  
United States Magistrate Judge