IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION



| | |
|---|---|
| DEWAYNE BEARCHILD,<br><br>Petitioner,<br><br>vs.<br><br>KRISTY COBBAN, BILLIE REICH, JUNE LAMOURE, FRED LEMONS, MIKE BATISTA, BLAIR HOPKINS, DAVE WILLIAMS, and SAM JOVANOVICH,<br><br>Respondent. | CV 14–31–H–DLC<br><br><br><br>ORDER |

United States Magistrate Judge R. Keith Strong entered his Findings and Recommendation on November 24, 2014 recommending that Bearchild's complaint be dismissed for failure to state a claim upon which relief may be granted. Bearchild objected to the Findings and Recommendation on December 15, 2014, and so the Court will conduct *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons listed below, the Court adopts Judge Strong's Findings and Recommendation in full.

-1-

Bearchild filed this 42 U.S.C. § 1983 action alleging the grievance procedure at the Montana State Prison is unconstitutional. He further alleges Defendants relied on a false presentence investigation report when they removed him from sex offender treatment, and provided false information and the false presentence investigation report to the Parole Board, which he alleges resulted in the denial of his parole. Judge Strong found that Bearchild does not have a constitutional entitlement to a specific grievance procedure, that his allegations regarding his denial of parole are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that Bearchild does not have a right to participate in the sex offender treatment program.

Bearchild objects, reiterating his allegations that Defendants colluded to present false information and a false presentence investigation report to the Parole Board and that such allegations state a claim under 42 U.S.C. § 1983. He alleges that this resulted in his denial of parole and that he was retaliated against because of his challenges in federal court as alleged in an affidavit enclosed with his objections. In his objections, Bearchild also requests to have the Montana Parole Board members added as defendants in this case.

This Court agrees with Judge Strong that a section 1983 action is not the proper vehicle to challenge the denial of parole. Bearchild objects, stating that

false information, a false presentence investigation report, and acts of retaliation led directly to his denial of parole. This is a collateral attack on the denial of parole and subsequent incarceration which *Heck* does not permit.

Bearchild submitted an affidavit from inmate James E. Ball in support of his allegation of retaliation and requests that he be given leave to add the Montana Parole Board members as defendants in this case. However, the affidavit states only that Ball heard Defendant Williams state that he removed Bearchild from the sex offender treatment group as punishment. Even assuming the facts in the affidavit to be true, denial of access to prison programs does not constitute an atypical, significant deprivation sufficient to establish a liberty interest. *See Sanding v. Conner*, 515 U.S. 472 (1995). The affidavit does not allege any facts regarding denial of Bearchild's parole or any facts regarding any members of the Montana Parole Board. Adding members of the Montana Parole Board as defendants would not cure the Complaint's defects and would be futile. Bearchild's Complaint is frivolous as it lacks arguable substance in law or fact. No reasonable person could suppose an appeal would have merit.

There being no clear error in Judge Strong's remaining Findings and Recommendation,

IT IS ORDERED that Judge Strong's Findings and Recommendation

(Doc. 6) are ADOPTED IN FULL. Bearchild's Complaint (Doc. 2) is DISMISSED. A certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

IT IS FURTHER ORDERED that the docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff has failed to state a claim and his claims are frivolous.

DATED this 9th day of February, 2015.

Dana L. Christensen, Chief Judge
United States District Court